UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VASUNARY VARGAS DURAN

    v.                                        Case No: 8:17-cv-958-T-24 AEP
                                                                               8:15-cr-433 T-24 AEP
                                                      Related Case No: 8:17-cv-714 T-24 AEP

UNITED STATES OF AMERICA
_____/

## ORDER

This cause comes before the Court on Petitioner Vasunary Vargas Duran's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1; Crim. Doc. 96). Because review of the motion conclusively demonstrates that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter directly. 28 U.S.C. § 2255(b). As explained below, Petitioner's § 2255 motion is **DISMISSED** as successive.

**I.    Background**

On June 8, 2016, Petitioner was sentenced to 96 months' imprisonment followed by five years' supervised release after pleading guilty to conspiracy to possess with an intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a), 46 U.S.C. § 70506(a)–(b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Crim. Doc. 89). Petitioner did not file a direct appeal.

On March 27, 2017, Petitioner filed a § 2255 motion. (Crim. Doc. 93). The Court denied his § 2255 motion on March 30, 2017. (Crim. Doc. 94). On April 24, 2017, Petitioner filed the instant § 2255 motion.

## II. Discussion

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), when a prisoner previously has filed a § 2255 motion, he must apply for and receive permission from [a panel of the appropriate court of appeals] before filing a successive § 2255 motion." *United States v. Neder*, 451 F. App'x 842, 845 (11th Cir. 2012) (per curiam) (citing 28 U.S.C. §§ 2244(a), (b)(3), 2255(h)). "Absent [the Eleventh Circuit's] permission, the district court lacks jurisdiction to address the motion, and it must be dismissed." *Id.* (citing *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)). Petitioner has not shown that he has sought or obtained a certificate of appealability from the Eleventh Circuit that would allow Petitioner to file a successive § 2255 motion. Accordingly, Petitioner's § 2255 motion must also be dismissed as successive.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DISMISSED** as successive. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close the case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a Certificate of Appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of April, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
*Pro se* Petitioner
Counsel of Record